George Tilzer, J.
In this stockholders’ derivative action brought by two holders of record of 177 shares (of a total outstanding on January 9, 1961 of 92,391,465 shares) of the capita] *112 stock of Dividend Shares, Inc., an open-end investment company or “ mutual fund,” plaintiffs renew their motion to discontinue the action without prejudice and upon payment by them of costs to date. Defendants, including the corporation or the “ Fund ” as it is known, oppose, requesting that the case be tried or dismissed with prejudice to plaintiffs and to the Fund.
The action was commenced in this court on August 9, 1960. On the previous day, an almost identical action was commenced by the plaintiffs in the Federal court. Plaintiffs ’ full intention, they say, was to bring this State court action ‘ ‘ to trial if federal jurisdiction of the companion suit * * * should fail.”
Answers and supplementary answers were served and on February 15, 1961 certain of the defendants served a note of issue and statement of readiness placing the action on the General Equity Calendar for trial. Plaintiffs then moved to strike the case from the calendar, primarily on the ground that plaintiffs had not had the opportunity to take -depositions. The motion was denied (Stkeit, J.) by order entered April 28, 1961, “without prejudice to plaintiffs’ expeditiously proceeding at Special Term for whatever relief they may deem advisable in the premises.” The cause was set for trial on May 15, 1961.
Plaintiffs did not appeal from the foregoing order nor did they seek relief at Special Term. In the meantime, however, and on March 9, 1961, the defendants’ motion to dismiss the Federal action for lack of Federal jurisdiction was denied (194 F. Supp. 207 [U. S. Dist. Ct., So. Dist. N. Y., Heelands, J.]). The United States Court of Appeals granted defendants’ application for leave to appeal, but on condition that the defendants strike this action from this court’s Trial Calendar. It was so stricken. The Federal appeal was argued on May 22, 1961.
On July 20, 1961, while the Federal appeal was still undetermined, the plaintiffs brought on their original motion to discontinue without prejudice. Said motion was denied without prejudice to renewal as indicated above, after the determination of the appeal pending before the United States Court of Appeals ( Capozzoli, J., July 31, 1961). On September 5, 1961 the United States Court of Appeals affirmed the District Court’s decision and sustained the Federal jurisdiction in the companion action. (294 F. 2d 415.) Thereupon the defendants restored this action to this court’s General Equity Calendar for the November Term.
The plaintiffs have informed the court that they intend to try their action in the Federal court and that this action was instituted solely as a “ backstop ” in case Federal jurisdiction should fail.
*113 The involved history of this litigation going back some 15 months has been set forth for the purpose of showing, contrary to the plaintiffs’ assertion, that the action has proceeded beyond the mere pleadings. Ordinarily, a suitor has a right to discontinue an action commenced by him. In the situation in which the defendants find themselves, however, the court is of the view that sound discretion warrants a denial of the relief as requested by the plaintiffs. It is not disputed- that the defendants have all but completed their preparation for trial, that they have spent some 250 hours in such preparation for trial m this court, while the plaintiffs have seen fit to do nothing despite judicial invitation to proceed “ expeditiously ” at Special Term. It may be that these efforts and the expense to which the defendants have gone in preparing for trial here may not be entirely lost to them. But the possibility that the defendants may use their trial preparation in the Federal court will not lead to a granting of the motion if discontinuance without prejudice would deprive defendants of substantial rights.
The court is of the view that defendants have been harassed by the bringing of the action here and in the Federal court. It finds it hard to believe that the plaintiffs thought the instant action necessary to avoid the impact of the Statute of Limitations in the event the Federal court decided that it lacked jurisdiction (cf. Civ. Prac. Act, § 23). To discontinue the action, however, without condition and to permit the plaintiffs to subsequently recommence this suit, although as admitted the reason for the action has disappeared, would further serve to harass the defendants. The plaintiffs have alleged a waste of the Fund’s assets; that the Fund’s investment adviser is paid substantial sums for practically no work; that the prominent men who serve on the Fund’s board of directors are “ dominated ” and ‘ ‘ controlled ’ ’ by the investment adviser and ‘ ‘ aid and abet ” in the payment of “excessive” investment advisory fees. The pendency of this suit has been publicized in the press as well as in the Fund’s reports to its stockholders and in the prospectus which is required to be given to each purchaser of capital stock. The court cannot agree with the plaintiffs in the circumstances that the reference to this action can have no effect on present or prospective shareholders. As has been noted, the Fund is of the open-end type which permits any stockholder to redeem his shares at will at net asset value.
The plaintiffs chose two forums. Now, more than a year after the institution of the action and when defendants are ready in the first of such forums where a trial may be had practically immediately to meet the charges lodged against them of breach *114 of fiduciary duty, the plaintiffs would depart the jurisdiction to return at a later date and ‘ ‘ subsequently recommence the same suit.” Plaintiffs’ course would be unjust and prejudicial to the defendants and will not be sanctioned by the court. It is concluded that effective protection against continued harassment of defendants requires that the action be discontinued with prejudice to the plaintiffs, and upon payment by them of costs to date, and with prejudice to the defendant Dividend Shares, Inc. (Van Aalten v. Mack, 9 A D 2d 648.) As a condition precedent to such discontinuance, notice shall be given to all stockholders of Dividend Shares, Inc., of this application.